UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ACSEL HEALTH, LLC,**

    Plaintiff,

v.

**CAMPBELL ALLIANCE GROUP, INC.,**

    Defendant.

Case No.: 16-cv-01042 YGR

**ORDER RE: JURISDICTIONAL DISCOVERY; VACATING HEARING DATES**

Re: Dkt. Nos. 19, 23, 26

Currently pending before the Court is plaintiff Acsel Health, LLC's ("Plaintiff") motion to remand the case, arguing in part that defendant Campbell Alliance Group, Inc. ("Defendant") has not satisfied its burden to establish diversity of citizenship of the parties under 28 U.S.C. section 1332(a)(2). (Dkt. No. 19.)

It is undisputed that Plaintiff is a citizen of New York by virtue of the citizenship of its members. It is similarly undisputed that Defendant is a citizen of North Carolina as a business incorporated under the laws of that State. Defendant, as a corporation, is also a citizen of the State in which its principal place of business ("PPB") is located. 28 U.S.C. § 1332(c)(1). Plaintiff contends that Defendant's PPB is its New York City headquarters. By contrast, Defendant contends its PPB is its Raleigh, North Carolina office – the place of its headquarters until 2012 and where its current chief financial officer is located.

The evidence submitted by the parties does not persuade that either New York City or Raleigh is the PPB for Defendant under the "nerve center" test announced by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The evidence suggests that San Francisco is potentially the PPB given that Defendant's acting president and chief operating officer is located in the San Francisco office. If so, removal of this diversity action brought in California was improper by a California citizen. 28 U.S.C. § 1441(b)(2).

In light of the state of the record the Court **ORDERS** limited jurisdictional discovery to ascertain Defendant's PPB. Plaintiff may seek discovery related directly to this issue. Thereafter, the parties shall submit supplemental briefs addressing the issue of Defendant's PPB based on any evidence produced through said discovery: Plaintiff's opening supplemental brief of no more than five (5) pages is due by June 14, 2016; Defendant's opposition of no more than five (5) pages is due by June 21, 2016; and Plaintiff's reply of no more than three (3) pages is due by June 28, 2016.

The hearings on Plaintiff's motion to remand and Defendant's motion to dismiss currently set for April 19 and April 26, 2016, respectively, are hereby **VACATED** to be reset if necessary. Accordingly, Defendant's administrative motion to reset the hearing date is **DENIED AS MOOT**.

This Order terminates Docket Number 26.

**IT IS SO ORDERED.**

Dated: April 11, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**